**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

---------------------------------------------------------X
                                           :

STRIKE 3 HOLDINGS, LLC,          :

                              :      Case No. 8:20-cv-00676-MSS-CPT

                   Plaintiff,    :

                              :      **NOTICE OF INTENT TO SERVE**

               vs.             :      **SUBPOENA**

JOHN DOE subscriber assigned IP address  :
47.197.99.186,                       :

                              :

                  Defendant.   :
---------------------------------------------------------X

       PLEASE TAKE NOTICE that on February 25, 2022, Plaintiff Strike 3 Holdings LLC, by

and through undersigned counsel, will cause the attached subpoena (the "Subpoena") to be

served via process server on Netflix, Inc. c/o CT Corporation System at 1200 South Pine Island

Road, Plantation, FL 33324.

                             Respectfully submitted,

             By:    */s/ Tyler Mamone*
                         Tyler Mamone, Esq.
                         100 SE 2nd St., Ste 2000
                         Miami, FL 33131
                         786-209-2379
                         Email: tyler@mvlawpllc.com
                         *Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 24, 2022, a true and correct copy of the foregoing document was served via U.S. Mail and/or email to the following.

J. Curtis Edmonson
Law Offices of J. Curtis Edmondson
2660 SE 39th Loop, Suite D
Hillsboro, OR 97123
503-336-3749
Email: jcedmondson@edmolaw.com
*Attorneys for the Defendant*
*JOHN DOE infringer identified as using*
*IP address 47.197.99.186*

Stephanie Reed Traband
Levine Kellogg Lehman Schneider & Grossman LLP
Citigroup Center, Floor 22
201 S Biscayne Blvd
Miami, FL 33131-4332
305-403-8788
Fax: 305-403-8789
Email: srt@lklsg.com
*Attorneys for the Defendant*
*JOHN DOE infringer identified as using*
*IP address 47.197.99.186*

By:  /s/ Tyler Mamone
Tyler Mamone, Esq.

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

| | | |
|---|---|---|
| Strike 3 Holdings, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  8:20-cv-00676-MSS-CPT |
| John Doe subscriber assigned IP address 47.197.99.186 | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Netflix, Inc. C/o CT Corporation System 1200 South Pine Island Road Plantation, FL 33324

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Mamone Villalon<br>    100 SE 2nd St., Ste 2000, Miami, FL 33131<br>    tyler@mvlawpllc.com | Date and Time:<br><br>    March 14, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    2/25/2022

*CLERK OF COURT*

                          OR

_____      s/ Tyler Mamone
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Strike 3 Holdings, LLC _____ , who issues or requests this subpoena, are:

Tyler Mamone; 100 SE 2nd St., Ste 2000 Miami, FL 33131; 786-209-2379, Email: tyler@mvlawpllc.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

MOTION TO QUASH      EXHIBIT 4

Civil Action No.  8:20-cv-00676-MSS-CPT

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

 

MOTION TO QUASH          EXHIBIT 4

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

MOTION TO QUASH     EXHIBIT 4

<u>**Schedule A & B**</u>

<u>**DEFINITIONS**</u>

1.      "**Basic Registration Information**" shall mean the information that a user provides to Netflix when they registered to use Netflix's service and the information the user has updated since registration. This includes but is not limited to the user's first name, last name, email address, phone number, country of registration, country of sign up, primary language, cookie disclosure, membership status, date and time of Netflix subscription reactivation, and list of Computer Devices, accounts, or services that were registered.

2.      "**Clickstream Information**" shall mean the details of actions a user has taken while navigating through the Netflix website while in a logged in state. This includes but is not limited to: the name of the profile associated with the clickstream information, the device type from which the visit occurred, the page of the Netflix service that was visited, the URL of the website from which the user came to visit the Netflix site, the URL of the Netflix website page of the visit, and the UTC date and time when the Netflix page was visited.

3.      "**Communications**" shall mean any oral or written statement, dialog, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

███████████████████████████████████████████████████████████████████

been linked to a user's Netflix account. This includes: the name of the profile associated with devices that interacted with the Netflix streaming service, unique identifier of a device, the manufacturer of the device, the manufacturer of a specific component such as a processor, or the software/firmware on the device, the device that was used to interact with the Netflix streaming service, the UTC date and time playback was first initiated on the account, the UTC date and time playback was last initiated on the account, the first date a device was used to stream on the profile, the latest date a device was used to stream on the profile, the UTC date and time playback was first initiated on the profile, the UTC date and time playback was last initiated on the profile, the UTC date(s) the devices were signed out of the account.

8.      "**Documents**" shall mean the original or exact copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copies or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include business records, correspondence, letters, telegrams, telexes, mailgrams, memoranda, including interoffice and interoffice memoranda, memoranda for files, memoranda of telephone or other conversations, and including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, booklets, books, drawings, graphs,

telephone records, video cassettes, electronic tapes, discs or other recordings, computer programs, hard drives, discs, printouts, data cards, studies, analysis, e-mails, computer files, back-up tapes, hard disks, litigation data bases and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the originals, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents.

9. **"Games History"** shall mean the information associated with the Netflix games a user has played using their Netflix account. This includes but is not limited to the name of the profile associated with the game played, the UTC date and time that gameplay started, the length of the game session, the platform on which the game was played (for example, Android), the device type on which the game was played, the country from which the game was played, the unique identifier of a device, the manufacturer of the device, the manufacturer of a specific component such as a processor, or the software/firmware on the device, and the Internet Protocol address used by the device when playing the game.

10. **"IP Address Log"** shall mean documents relating to the IP address(es) used to create, log into, and stream content from a user's Netflix account. This includes but not limited to documents containing the unique identifier of a device, the manufacturer of the device, the manufacturer of a specific component such as a processor, or the software/firmware on the device, the country (based on IP address) from which streaming took place, the localized description of the device used for streaming, the English description of the device used for streaming, the Internet Protocol address used by the device for streaming, the state/province/region associated with the given IP address, the UTC date and time when the device started streaming using the given IP address.

11. **"My List Information"** shall mean the list created by a user by selecting the "+" symbol in a TV show or movie information page while the user is browsing through the Netflix catalogue. This includes but is not limited to: the name of the profile in which the TV show or movie was added to the profile's My List, the name of the TV show or movie added the profile's My List, the country where the TV show or movie was added to the profile's My List, and the UTC date the TV show or movie was added to the profile's My List.

12. **"Playback Related Events"** shall mean the details of actions taken during a viewing session. This includes but is not limited to: the name of the profile in which the TV show or movie was viewed, the device type from which the TV show or movie was streamed, the UTC date and time the viewing started, and the country (based on IP address) from which the TV show or movie was viewed.

13. **"Ratings Information"** shall mean the details of TV show or movie ratings given by the user. This includes but is not limited to: name of the profile from which the rating originated, the device model used when rating was given, the IP address used when rating was given, and the UTC date and time when the rating was given.

14. The terms **"refer to,"** **"referring to,"** **"relate to,"** **"relating to,"** **"concern,"** or **"concerning"** when used herein, are used in their broadest possible meaning to encompass anything listing analyzing, annotating, associated with, averring to, commenting upon, comprising, concerning, connected with, construing, containing, consisting of, constituting, criticizing, describing, disclosing, discussing, embodying, evidencing, explaining, forming the basis of, is the genesis of or successor to, identifying, is the genesis of or successor to, mentioning, modifying, pertaining to, referring to, reflecting, regarding, representing, revealing, setting forth, showing,

stating, substantiating, summarizing, or supporting, whether directly or indirectly, or in whole or in part, or otherwise connected with the matter in question.

15. **"Search History Information"** shall mean information related to searches a user executed on the Netflix catalogue. This includes but is not limited to documents which contain: the name of the profile from which the search request originated, the country (based on IP address) from which the search request originated, the device type from which the account was accessed, the query entered in the search field, and the UTC date and time on which the search request was made.

16. **"Services and Products"** shall mean any product or service which you offer whether or not for profit including but not limited to: the personalized subscription service provided by Netflix which allows its members to access entertainment content including all features and functionalities, recommendations and reviews, your websites, and user interfaces, as well as all content and software associated with your service, over the Internet on certain Internet-connected TV's, computers and other devices.

17. **"Subscription History"** shall mean the details of the subscription(s) a user has had with Netflix, such as the subscription plan name and the time period the user subscribed to that particular plan. This includes but is not limited to: the UTC date and time when the subscription was created, the UTC date and time when the subscription was cancelled (if applicable), and the UTC date of a plan change (if any).

18. **"Viewing Activity"** shall mean information related to a user's viewing activity. This includes but is not limited to: the name of the profile in which viewing occurred, the UTC date and time viewing started, the length of the viewing session, the device type from which the TV show or movie was streamed, and the country from which the TV show or movie was viewed.

19. **"You"** or **"Your"** shall mean the person upon whom this request was propounded and any other person(s) or entity(ies) acting or purporting to act on your behalf or under your control.

20. The use of the singular of any word includes the plural and vice-versa; the use of the disjunctive includes the conjunctive and vice-versa; the use of the masculine form shall include the feminine form and vice versa; and, the use of the past tense shall include the present tense and vice versa.

<u>**Schedule A**</u>
<u>**DOCUMENTS AND ITEMS REQUESTED**</u>

1.	All **document(s)** related to the **Basic Registration Information** for **Defendant's Netflix Account** from July 1, 2019 to present day.

2.	All **document(s)** related to the **Clickstream Information** for **Defendant's Netflix Account** from July 1, 2019 to present day.

3.	All **document(s)** related to the **Device(s) information** for devices used in connection with **Defendant's Netflix Account** from July 1, 2019 to present day.

4.	All **document(s)** related to the **Games History** for **Defendant's Netflix Account** from July 1, 2019 to present day.

5.	All **document(s)** related to the **IP Address Log** for **Defendant's Netflix Account** from July 1, 2019 to present day.

6.	All **document(s)** related to the **My List Information** for **Defendant's Netflix Account** from July 1, 2019 to present day.

7.	All **document(s)** related to the **Playback Related Events** for **Defendant's Netflix Account** from July 1, 2019 to present day.

8.	All **document(s)** related to the **Ratings Information** for **Defendant's Netflix Account** from July 1, 2019 to present day.

9.	All **document(s)** related to the **Search History Information** for **Defendant's Netflix Account** from July 1, 2019 to present day.

10.	All **document(s)** related to the **Subscription History** for **Defendant's Netflix Account** from July 1, 2019 to present day.

11.	All **document(s)** related to the **Viewing Activity** for **Defendant's Netflix Account** from July 1, 2019 to present day.