Lincoln D. Bandlow, Esq. (CA #170449)
Lincoln@BandlowLaw.com
**Law Offices of Lincoln Bandlow, PC**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Phone: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiff
Strike 3 Holdings, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE Rule 45 Subpoenas served on GOOGLE and NETFLIX | Case No.: 5:22-mc-80075-NC<br>Lead Case: 8:20-cv-00676-MSS-CPT |
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOE infringer identified as using IP address 47.197.99.186,<br><br>    Defendant. | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN DOE'S MOTION TO QUASH THE SUBPOENAS SERVED ON GOOGLE AND NETFLIX AND FOR A PROTECTIVE ORDER**<br><br>Honorable Judge Nathanael Cousins<br><br><u>Hearing</u>:<br><br>Date: April 25, 2022<br>Time: 1:00 p.m.<br>Place: Courtroom 5, 4th Floor, San Jose Courthouse |

i

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

I.   INTRODUCTION ........................................................................................................... 1

II.  FACTS .............................................................................................................................. 1

III. LEGAL STANDARD ...................................................................................................... 2

IV. ARGUMENT .................................................................................................................... 3

    A.  The Court Lacks Jurisdiction Over Doe's Motion Because It Was Filed in the Wrong District and Is Untimely ............................................................................ 3

    B.  Conclusory Statements that Documents Are Private Do Not Carry the Motion ............... 6

    C.  Doe's Request for Fees Is Misleading if not Fraudulent ..................................... 8

V.  CONCLUSION ................................................................................................................ 9

ii

# TABLE OF AUTHORITIES

**Cases**

*AngioScore, Inc. v. TriReme Med., Inc.*,
  No. 12-03393 (YGR)(JSC), 2014 WL 6706873 (N.D. Cal. Nov. 25, 2014) ............................ 3

*Chick–Fil–A v. Exxonmobil Corp.*,
  2009 WL 2242392 (S.D. Fla. 2009) ...................................................................................... 7

*Dairy v. Harry Shelton Livestock, LLC*,
  No. 18- 06357 (RMI), 2021 WL 4476778 (N.D. Cal. Sept. 30, 2021) .................................... 6

*Dallas Buyers Club, LLC v. Huszar*,
  No. 15-00907 (AC), 2016 WL 11187248 (D. Or. Dec. 28, 2016) .......................................... 6

*Elsom v. Glob. Life & Accident Ins. Co.*,
  No. 17-00407 (JR), 2018 WL 4092020 (D. Or. Jan. 16, 2018) ............................................. 4

*Estakhrian v. Obenstine*,
  No. 11-3480 (FMO)(CWX), 2019 WL 3035119 (C.D. Cal. Mar. 26, 2019) ........................... 9

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ............................................................................................... 3

*Frank v. Buchanan*,
  No. 20-00138 (NDF), 2021 WL 7278901 (D. Wyo. June 8, 2021) ........................................ 4

*Gordon v. Sonar Cap. Mgmt. LLC*,
  No. 15-80080 (LB), 2015 WL 1227848 (N.D. Cal. Mar. 15, 2015) ....................................... 5

*In re Google Litig.*,
  No. CV 8-03172 (RMW)(PSG), 2011 WL 6113000 (N.D. Cal. Dec. 7, 2011) ....................... 2

*In Re Rule 45 Subpoenas served on Google and Netflix*,
  22-80075 (NC), ECF Nos. 1-4 & 1-5 (N.D. Cal. Mar. 19, 2022) ................................ 2, 5, 7, 8

*Malibu Media, LLC v. Tashiro*,
  No. 13-00205 (WTL), 2015 WL 2371597 (S.D. Ind. May 18, 2015) ..................................... 6

*Multiquip, Inc. v. Water Mgmt. Sys. LLC*,
   No. 08-403-S-EJL-REB, 2009 WL 5322946 (D. Idaho Dec. 29, 2009) .................................. 7

*Nida v. Allcom*,
   No. 17-02162 (JLS)(JDEx), 2020 WL 2405251 (C.D. Cal. Mar. 11, 2020) ............................ 8

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*,
   506 U.S. 194, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) ............................................................ 3

*San Francisco Bay Area Rapid Transit Dist. v. Spencer*,
   No. 04-04632 (SI), 2006 WL 8440425 (N.D. Cal. Oct. 23, 2006) .......................................... 5

*Schoonmaker v. City of Eureka*,
   No. 17-06749 (VC)(RMI), 2018 WL 5829851 (N.D. Cal. Nov. 7, 2018) ............................... 5

*Short v. United States*,
   No. 18-00074 (DCN), 2019 WL 5457994 (D. Idaho Oct. 23, 2019) ....................................... 3

*Strike 3 Holdings, LLC v. Doe*,
   No. 18-02019 YGR EDL, 2018 WL 10604533 (N.D. Cal. Sept. 14, 2018) ......................... 3, 4

*Strike 3 Holdings, LLC v. Doe*,
   No. 18-04993 (KAW), 2019 WL 468816 (N.D. Cal. Feb. 6, 2019) ......................................... 2

*Strike 3 Holdings, LLC v. Doe*,
   No. 18-2496 (TJH)(SPx), 2019 WL 12446430 (C.D. Cal. Mar. 29, 2019) ............................. 7

*Strike 3 Holdings, LLC v. Doe*,
   No. 20-1328-T-33CPT, 2020 WL 7138621 (M.D. Fla. Dec. 7, 2020) ..................................... 4

*Strike 3 Holdings, LLC. v. Doe*,
   No. 20-00676 (MSS)(CPT) (M.D. Fla.) ..................................................................... 1, 2, 7, 8

*United States v. Associated Convalescent Enters., Inc.*,
   766 F.2d 1342 (9th Cir. 1985) ................................................................................................ 8

*United States v. Julius Bear & Co., Ltd.*,
   No. 19-80087 (DMR), 2019 WL 2372494 (N.D. Cal. June 5, 2019) ...................................... 3

iv

*Youtoo Techs., LLC v. Twitter, Inc.*,

   No. 17-00414 (LRH)(WGC), 2017 WL 4079403 (D. Nev. Sept. 14, 2017) ............................ 4

**Statutes**

1 U.S.C. § 1 ................................................................................................................................. 3

1 U.S.C. § 8(a) ............................................................................................................................. 3

**Other Authorities**

Cal Bus. & Prof. Code § 6068(d); *see* Cal. Rule of Prof'l Conduct 3.3(a)(1) ............................... 8

Webster's New International Dictionary 576 (2d ed. 1942) ......................................................... 3

**Rules**

Fed. R. Civ. P. 11(b)(3) ................................................................................................................ 8

Fed. R. Civ. P. 26(b)(1) ................................................................................................................ 6

Fed. R. Civ. P. 26(b)(5)(A) .......................................................................................................... 6

Fed. R. Civ. P. 26(c) .................................................................................................................... 7

Fed. R. Civ. P. 45 ......................................................................................................................... 5

Fed. R. Civ. P. 45(c)(2)(A) ........................................................................................................... 3

Fed. R. Civ. P. 45(d)(1) ................................................................................................................ 8

Fed. R. Civ. P. 45(d)(2)(B) .......................................................................................................... 5

Fed. R. Civ. P. 45(d)(3)(A)(i) ....................................................................................................... 5

Fed. R. Civ. P. 45(d)(3)(A)(i), (iv) ............................................................................................... 2

Fed. R. Civ. P. 45(d)(3)(A), (B) ................................................................................................... 3

Fed. R. Civ. P. 6(a)(1)(C) ............................................................................................................. 5

v

Opposition to John Doe's Motion to Quash Subpoena and for a Protective Order
Case No. 5:22-mc-80075-NC

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff, Strike 3 Holdings, LLC ("Strike 3") hereby respectfully submits this Memorandum of Points and Authorities in Opposition to Defendant John Doe's Motion to Quash the Subpoenas Served on Google and Netflix and for a Protective Order ("Motion").

## I.     INTRODUCTION

John Doe's ("Doe") Motion must be denied on several grounds: Doe has filed it in the wrong court which consequently lacks jurisdiction; Doe lacks standing with respect to several arguments, and; the Motion is untimely. Despite multiple letters to Doe's counsel addressing these concerns, the Motion has not been amended or withdrawn.

The merits fare no better. Doe fails to carry his burden to demonstrate that either subpoena should be quashed, and instead, relies on bare, conclusory, and several outright wrong statements about the law and the facts. His request for a protective order suffers the same defects, and is an improper attempt to expand circumstances in which the Court may quash a subpoena that are not present in Rule 45's limited categories. Lastly, Doe's request for sanctions and fees is not only unjustified, but it also approaches the fraudulent. Although counsel declares that he "has a sbilling [sic] rate for Strike 3 copyright cases of $ 350.00 per hour," Strike 3 knows from prior discovery that his rate is only $100 per hour, and Doe has taken extraordinary steps to keep any billing statements away from Strike 3, frustrating its ability to confirm how much – if anything – Doe has been billed. Any one of these above-listed grounds is sufficient to deny Doe's Motion.

## II.     FACTS

This controversy stems from Strike 3's claim for copyright infringement (and Doe's counterclaim for declaratory relief) currently taking place before the District Court for the Middle District of Florida. *Strike 3 Holdings, LLC. v. Doe*, No. 20-00676 (MSS)(CPT) (M.D. Fla.) ["*M.D. Fla. Litigation*"]. Doe's lack of cooperation and candor in that matter has forced Strike 3 to file several motions to compel, *see id.*, ECF Nos. 38, 52, 53, as well as issue subpoenas on third parties, relevant here, Google and Netflix. *See In Re Rule 45 Subpoenas*

served on Google and Netflix, 22-80075 (NC), ECF Nos. 1-4 & 1-5 (N.D. Cal. Mar. 19, 2022) ["*In Re Google and Netflix*"]. Both subpoenas were served on February 25 and set a compliance date of March 14. *See id.* The subpoenas also listed the place of compliance as the law offices of Mamone Villalon, the firm representing Strike 3 in that matter, which is located in *Miami, Florida*. Neither Google nor Netflix filed motions to quash or modify the March 14 deadline or the place of compliance. In fact, both Netflix and Google have responded to the subpoenas, but those parties have since ceased conferring on any outstanding discovery pending the resolution of this dispute.

      Doe filed the present Motion on March 19, *In Re Google and Netflix*, ECF No. 1, which is after the time for compliance, March 14, as well as after the close of fact discovery in that matter, which was March 16. *See M.D. Fla. Litigation*, ECF No. 44. Rather than request a protective order from Judge Tuite in the Middle District of Florida or file this Motion in the district where compliance is required, Doe filed it as a new action in the Northern District of California.

### III.    LEGAL STANDARD

      Rule 45 "authorizes issuance of a subpoena to command a nonparty to produce designated documents, electronically stored information, or tangible things in its possession, custody or control." *In re Google Litig.*, No. 8-03172 (RMW)(PSG), 2011 WL 6113000, at *1 (N.D. Cal. Dec. 7, 2011) (citation omitted). A subpoena must only be quashed under a limited set of circumstances, such as when it "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i), (iv). "The moving party bears the burden of persuasion on a motion to quash," *see Strike 3 Holdings, LLC v. Doe*, No. 18-04993 (KAW), 2019 WL 468816, at *2 (N.D. Cal. Feb. 6, 2019) (citations omitted), but that "objection *must* be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B) (emphasis added). Additionally, the "party asserting good cause [for a protective order] bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no

2

protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citations omitted).

## IV. ARGUMENT

### A. The Court Lacks Jurisdiction Over Doe's Motion Because It Was Filed in the Wrong District and Is Untimely

The issues with Doe's Motion are legion and run the gamut from the technical down to the unethical. To start, the Court lacks jurisdiction over the Motion since Doe has not filed it in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A), (B); *see AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-03393 (YGR)(JSC), 2014 WL 6706873, at *1 (N.D. Cal. Nov. 25, 2014) (citation omitted); *United States v. Julius Bear & Co., Ltd.*, No. 19-80087 (DMR), 2019 WL 2372494, at *2 (N.D. Cal. June 5, 2019); *Short v. United States*, No. 18-00074 (DCN), 2019 WL 5457994, at *2 (D. Idaho Oct. 23, 2019). The place of compliance is Miami, Florida. *Cf. Strike 3 Holdings, LLC v. Doe*, No. 18-02019 YGR EDL, 2018 WL 10604533, at *2 (N.D. Cal. Sept. 14, 2018) (explaining that the court did "not have the authority to quash the subpoena" because the place of compliance was at the attorney's firm, located in a different district).

Although failing to make the argument expressly, Doe attempts to shoehorn in the "100-mile rule" to alter the scope of compliance to this district, where Google and Netflix are headquartered. But this cramped reading ignores that Google and Netflix are not "persons"[1] as well as the Federal Rules flexible and cooperative approach to discovery. The Advisory Notes

---

[1] *Compare* Fed. R. Civ. P. 45(c)(2)(A) ("A subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where *the person resides, is employed, or regularly transacts business in person*[.]") (emphasis added) *with* 1 U.S.C. § 8(a) (defining "person" as any "member of the species homo sapiens"). 1 U.S.C. § 1 also notes that "person" can "include corporations . . . as well as individuals" "unless the context indicates otherwise." "'Context' here means the text of the Act of Congress surrounding the word at issue . . . and this is simply an instance of the word's ordinary meaning: '[t]he part or parts of a discourse preceding or following a 'text' or passage or a word, or so intimately associated with it as to throw light upon its meaning.'" *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 199, 113 S. Ct. 716, 720, 121 L. Ed. 2d 656 (1993) (quoting Webster's New International Dictionary 576 (2d ed. 1942)). The Advisory Notes to the 2013 Amendment to Rule 45, consistent with the Rule's history, explain that "travel" in this context refers to "nonparty witnesses," a person, rather than a fictive, incorporeal corporation.

3

1   to the 2013 Amendment to Rule 45 explain that "parties often agree that production, particularly
2   of electronically stored information, be transmitted by electronic means. Such arrangements
3   facilitate discovery, and nothing in these amendments limits the ability of parties to make such
4   arrangements." *See*, *e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 20-1328-T-33CPT, 2020 WL
5   7138621, at *4 (M.D. Fla. Dec. 7, 2020) (finding Strike 3's subpoena on Spectrum did not
6   require the recipient to travel more than 100 miles because the parties had arranged to produce
7   that material via "electronic delivery").

8        "There is no Ninth Circuit decision on point, but the court interprets the Advisory
9   Committee comment to mean that a subpoenaed third party can waive a 100-mile objection by
10  agreeing to transmit production by electronic means[.]" *Youtoo Techs., LLC v. Twitter, Inc.*, No.
11  17-00414 (LRH)(WGC), 2017 WL 4079403, at *2 (D. Nev. Sept. 14, 2017). "Rule
12  45(c)(2)(A)'s 100–mile boundary does not apply where, as here, the subpoenaed person is not
13  instructed to also appear at the production location along with the requested documents." *Elsom*
14  *v. Glob. Life & Accident Ins. Co.*, No. 17-00407 (JR), 2018 WL 4092020, at *2 (D. Or. Jan. 16,
15  2018) (collecting cases); *Frank v. Buchanan*, No. 20-00138 (NDF), 2021 WL 7278901, at *4
16  (D. Wyo. June 8, 2021) (collecting cases).

17       Regardless, Doe lacks standing to raise this (and other) arguments. Assuming, *arguendo*,
18  that Doe has a qualifying privacy interest to intervene, he does not have standing to raise a
19  purported undue burden *on behalf of Netflix and Google* "'[b]ecause the subpoena does not
20  obligate [him] to do or produce anything,' [and thus Doe] cannot object to the subpoena on the
21  grounds that it would constitute an undue burden." *Strike 3 Holdings, LLC v. Doe*, No. 18-
22  02019 YGR EDL, 2018 WL 10604533, at *2 (N.D. Cal. Sept. 14, 2018) (collecting cases).
23  Here, the geographic limits are set to protect *the subpoena recipient* from undue expense – not
24  Doe – but neither entity has requested the Court modify or quash the subpoena. To the contrary,
25  both Google and Netflix have responded to Strike 3's subpoenas, and the parties continue to
26  cooperate on the scope and mode of production. Indeed, this very nearly renders the Motion
27  moot except for the fact that responses to the subpoena – now paused – remain ongoing.
28

Doe also ignores that his Motion is untimely and was filed several days *after* the response date set in the subpoenas. The Federal Rules provide that a subpoena need only provide "a reasonable time to comply," *see* Fed. R. Civ. P. 45(d)(3)(A)(i), and any "objection *must* be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B) (emphasis added). "Failure to serve timely objections waives *all* grounds for objection." *Schoonmaker v. City of Eureka*, No. 17-06749 (VC)(RMI), 2018 WL 5829851, at *1 (N.D. Cal. Nov. 7, 2018) (emphasis original).

The Motion was filed after the period allotted by Rule 45(d)(2)(B). The subpoenas issued on February 25 and each set the date of compliance as March 14. Because the subpoena was served on a Friday, fourteen days from the date of service tolled seventeen days later, on March 14. *See* Fed. R. Civ. P. 6(a)(1)(C). Thus, under either calculation provided by Rule 45(d)(2)(B), the deadline to object was March 14. Doe filed his Motion on March 19, far after the deadline, and after Netflix and Google responded to the subpoenas. Accordingly, the Motion is untimely.

Without basis, Doe contends that the subpoena is invalid *ab initio* because "Rule 45 incorporates the production time rules of Rule 34" and thus must provide Google and Netflix at least thirty days to respond. *See In Re Rule 45 Subpoenas served on Google and Netflix*, ECF No. 1, at p.3. Even if Doe had standing to raise such an argument, and he does not for the reasons set forth above, "Rule 45 . . . contains no such 30-day requirement." *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. 04-04632 (SI), 2006 WL 8440425, at *4 (N.D. Cal. Oct. 23, 2006). Indeed, neither Google nor Netflix filed a motion to modify the date of compliance.[2] Doe was properly

---

[2] Doe has not presented any precedent holding that the response time in the subpoenas were unreasonable. "The question of whether the time to comply with a subpoena is a fact-specific inquiry," but "courts generally have found that fewer than ten days is not reasonable." *See Gordon v. Sonar Cap. Mgmt. LLC*, No. 15-80080 (LB), 2015 WL 1227848, at *2 (N.D. Cal. Mar. 15, 2015) (collecting cases); *see also* Fed. R. Civ. P. 45, *Advisory Committee Notes to 1991 Amendment* ("Paragraph (c)(2) retains language from the former subdivision (b) and paragraph (d)(1). The 10-day period for response to a subpoena is extended to 14 days to avoid the complex calculations associated with short time periods[.]"). *But see Spencer*, No. 04-04632 (SI), 2006 WL 8440425 at *4 ("Service of subpoenas at least 10 days before the deposition or production is customary, but not mandatory."); Fed. R. Civ. P. 45(d)(2)(B) (contemplating a compliance date prior to 14 days from service).

5

1  notified of the subpoenas, and rather than request an extension of time, waited until after fact
2  discovery closed to file his Motion.

3  **B.   Conclusory Statements that Documents Are Private Do Not Carry the Motion**

4  Doe fares no better on the substantive points and fails to shoulder his burden. The
5  materials sought by the subpoenas are relevant and proportional. *See* Fed. R. Civ. P. 26(b)(1);
6  *Dairy v. Harry Shelton Livestock, LLC*, No. 18- 06357 (RMI), 2021 WL 4476778, at *1 (N.D.
7  Cal. Sept. 30, 2021) ("[T]he discovery rules makes clear that a liberal and broad-based
8  discovery process promotes the efficient and early resolution of litigation[.]"). First, with
9  respect to the Google subpoena, alternative emails are relevant and proportional to verifying and
10 authenticating Doe's cloud accounts and well as for more general forensic investigations into
11 Doe's online activities. *Cf. Malibu Media, LLC v. Tashiro*, No. 13-00205 (WTL), 2015 WL
12 2371597, at *31 (S.D. Ind. May 18, 2015) (describing how emails are used in BitTorrent
13 investigations), *report and recommendation adopted*, No. 13-205 (WTL)(MJD), 2015 WL
14 3649359 (S.D. Ind. June 11, 2015); *Dallas Buyers Club, LLC v. Huszar*, No. 15-00907 (AC),
15 2016 WL 11187248, at *8 (D. Or. Dec. 28, 2016), *report and recommendation adopted in part*,
16 No. 15-907 (AC), 2017 WL 481469 (D. Or. Feb. 6, 2017) (same).

17 Additionally, notwithstanding Doe's deceptive abridgement of Category 8, "files names
18 for *all files stored on Google Drive*" during the period of infringement are clearly relevant
19 because it may uncover Strike 3's or other pertinent files demonstrating infringement. Doe's
20 conclusory and unsupported incantation that these file names are private and privileged, are
21 plainly insufficient. *Contra* Fed. R. Civ. P. 26(b)(5)(A). Indeed, even if some of these
22 documents contained private information, Doe fails to argue – let alone demonstrate – that the
23 file names of those documents are private. His similar attempt to invoke privacy regarding his
24 search requests lacks any support and is equally deficient. Finally, Doe's contention that videos
25 he has uploaded to YouTube are only relevant if they contain or relate to Strike 3's works
26 misapprehends the broad scope of discovery. Those videos, shared with third parties and
27 available for public viewing, have no privacy protection, and may contain information or insight
28

6

into Doe's technical knowledge or other interests relevant to Strike 3's claim. *Cf. Strike 3 Holdings, LLC v. Doe*, No. 18-2496 (TJH)(SPx), 2019 WL 12446430, at *5 (C.D. Cal. Mar. 29, 2019) (explaining diminished privacy interest where material is shared with third parties).

The challenge to the Netflix subpoena is also deficient. Doe disputes the relevance of certain documents because Netflix may not maintain that data. Yet if Netflix does not possess responsive materials, it is within its power and rights to state that in its response to the subpoena; it is not grounds to quash the subpoena outright. Moreover, his argument that "Doe's gaming history has no connection to this litigation" is false. *In Re Google and Netflix*, at *4. Several videogames are included in Strike 3's FAC, *M.D. Fla. Litigation*, ECF No. 17, which Defendant claimed insufficient knowledge of in his Answer. *See id.* at ECF No. 23, at ¶¶51–52. Strike 3 has even had to file a motion to compel production in the Middle District of Florida since Doe refuses to produce any search results regarding videogames contained on his computer devices. *See id.* at ECF Nos. 52 & 52-3. The videos viewed by Doe are also relevant to Strike 3's Additional Evidence, and Doe only provides conclusory statements to contest their privacy.

Threadbare privacy arguments aside, Doe's request for a protective order appears to be an afterthought, and he does not explain the basis or scope of that relief. Rather, Doe only contends that "there is no need or good cause for the documents being subpoenaed, and in all events not proportional to the needs of the case." *In Re Google and Netflix*, at *2. But nowhere does he claim that the subpoenas impose an "annoyance, embarrassment, oppression, or undue burden or expense[.]" *See* Fed. R. Civ. P. 26(c). Nevertheless, Doe's request for a protective order is an improper "end-run around [Rule] 45[.]" *Multiquip, Inc. v. Water Mgmt. Sys. LLC*, No. 08-403-S-EJL-REB, 2009 WL 5322946, at *1 (D. Idaho Dec. 29, 2009). "It would defeat the purpose of [the procedures outlined in Rule 45] were a party able to achieve the requested relief (the quashing of a subpoena) via a motion for protective order[.]" *See id.* (quoting *Chick–Fil–A v. Exxonmobil Corp.*, 2009 WL 2242392, *1 (S.D. Fla. 2009)). It would also interfere with the Middle District of Florida's powers to regulate its own discovery in procedures if Doe

1  could run into any other Court requesting a protective order. Accordingly, Doe's alternative
2  request for relief should be denied as well.

### C. Doe's Request for Fees Is Misleading if not Fraudulent

The most egregious portion of the Motion is Doe's request for sanctions and fees. *In Re Google and Netflix*, at *5–6. First, Rule 37 does not enable sanctions for violations of Rule 45. *See* Fed. R. Civ. P. 45(d)(1) (enabling "the district where compliance is required" to sanction parties who violate Rule 45); *cf. Nida v. Allcom*, No. 17-02162 (JLS)(JDEx), 2020 WL 2405251, at *4 (C.D. Cal. Mar. 11, 2020). And while there has been no violation of that Rule, and thus an award of attorney's fees is not warranted, it bears emphasizing that the fee amount Doe's counsel submits is deliberately misleading and potentially a fraud on the Court.

"[A]n attorney has a duty of good faith and candor in dealing with the judiciary." *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985) (citation omitted). "It is the duty of an attorney . . . never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." Cal Bus. & Prof. Code § 6068(d); *see* Cal. Rule of Prof'l Conduct 3.3(a)(1) ("[A] lawyer shall not knowingly make a false statement of fact or law to a tribunal[.]"). Instead of providing a billing statement, counsel simply declares that he "has a sbilling [sic] rate for Strike 3 copyright cases of $ 350.00 per hour[.]" *In Re Google and Netflix*, ECF No. 1-1, at ¶6. He then calculates a projected fee based on that amount, but it distorts his actual fee. *See id.* Counsel uses the passive voice to patch over a yawning gap in the record: he does not state whether he *actually billed Doe that amount*.

Yet Strike 3 need not speculate on this quirk. In the Florida action, Doe produced his fee agreement with counsel. That agreement explicitly states that counsel's rate is *$100 per hour*, not $350. *M.D. Fla. Litigation*, ECF No. 53-2, at ¶9. *Contra* Fed. R. Civ. P. 11(b)(3). More concerningly, counsel has refused to produce any evidence of billing statements in that matter, and evidence suggests that at least one of his attorneys (and possible counsel here) is engaging in fee-splitting arrangement with the defendant.[3] *See generally id.* at ECF No. 52 (requesting the

---

[3] If counsel does in fact have a fee-splitting agreement with Doe, that would not only be unethical, Cal. Rule of Prof'l Conduct 5.4(a) ("Neither a member nor a law firm shall directly or

8

1  court compel responses to the defendant's deposition exploring the fee agreements). Thus, not
2  only is the Motion meritless for the reasons outlined above, it appears to be, in part, an attempt
3  by Doe's counsel to evade the probing eyes of the Florida court and to obtain a windfall award
4  of fees. The Court should not countenance such an abuse of discovery.

## V.      CONCLUSION

For the foregoing reasons, Strike 3 respectfully requests this Court deny Defendant John Doe's Motion to Quash the Subpoenas Served on Google and Netflix and for a Protective Order.

Date: April 6, 2022                              **Law Offices of Lincoln Bandlow, PC.**

By: _____
Lincoln Bandlow, Esq.
*Attorney for Plaintiff*
Strike 3 Holdings, LLC

---

indirectly share legal fees with a person who is not a lawyer"), but would void any recovery of fees in equity. *See Estakhrian v. Obenstine*, No. 11-3480 (FMO)(CWX), 2019 WL 3035119, at *15 (C.D. Cal. Mar. 26, 2019), *aff'd*, 859 F. App'x 121 (9th Cir. 2021) ("[I]n California[,] . . . an attorney may not recover for services rendered if those services are rendered in contradiction to the requirements of professional responsibility.") (citations omitted).