UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RULE 45 SUBPOENAS TO GOOGLE AND NETFLIX | Case No. 22-mc-80075 (NC)<br><br>**ORDER DENYING MOTION TO QUASH OR FOR PROTECTIVE ORDER AGAINST RULE 45 SUBPOENAS**<br><br>Re: ECF 1 |

This is a discovery dispute arising out of two document subpoenas issued in a copyright case in the Middle District of Florida. The subpoenas were requested by Strike 3, the alleged copyright holder, to non-parties Google and Netflix. The subpoenas request information about account holder John Doe. *See* ECF 1, attaching subpoenas. In this District, Doe has filed a motion to quash the subpoenas or for a protective order limiting the responses by Google and Netflix. Google and Netflix are not before this Court. The Court has considered all the briefs and resolves the motion to quash without need for a hearing.

As a preliminary matter, this Order finds that this Court has jurisdiction to address Doe's motion under Fed. R. Civ. P. 45. The key question is where the "place of compliance" is under Rule 45. This Order finds that this District, where Netflix and Google are headquartered, is the "place of compliance" even if Strike 3's counsel asked for

the documents to be sent to Miami, Florida. Additionally, Doe has standing to challenge the subpoenas because they obviously are asking about his accounts and activities and he may object if the subpoenas subject him to an "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

This Order finds, however, that Doe's objection was not timely. An objection under Rule 45(d)(2)(B) must be served before the "earlier of the time specified for compliance or 14 days after the subpoenas is served." Here, the subpoenas were served Feb. 24, 2022. And the time specified for compliance was March 14, 2022. Fact discovery in the Florida action closed March 16, 2022. Yet Doe did not file his motion to quash until March 19, 2022. Under these circumstances, the Court DENIES Doe's motion to quash as untimely. Additionally, the Court does not find that the subpoenas impose an undue burden or expense. Fed. R. Civ. P. 45(d)(1).

Because this Order denies the motion to quash or for a protective order, it also denies Doe's request for an award of fees. Strike 3 is ordered to provide a copy of this Order to Google and Netflix.

**IT IS SO ORDERED.**

Dated: April 19, 2022

NATHANAEL M. COUSINS
United States Magistrate Judge